**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0631n.06

Nos. 07-6506/07-6507/07-6508

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SHELVA MATTHEWS, as Administrator of the Estate of Terry Matthews, | ) ) ) | **FILED** |
| Plaintiff-Appellee/Cross-Appellant, | ) ) | **Sep 08, 2009** LEONARD GREEN, Clerk |
| v. | ) ) | |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| Defendant-Appellant, | ) ) | |
| JEFFERSON PILOT FINANCIAL INSURANCE COMPANY, | ) ) ) | |
| Defendant-Appellant/Cross-Appellee. | ) ) ) | |

Before:     BATCHELDER, Chief Judge; DAUGHTREY, Circuit Judge; and VAN TATENHOVE[*], District Judge.

**PER CURIAM.** As the original plaintiff in this ERISA case, Terry Matthews filed an action against the defendants, Jefferson Pilot Financial Insurance Company and Sun Life Assurance Company, seeking judicial review of the waiver-of-premium provisions in successive life insurance policies issued to Matthews's former employer, the Krystal

---

[*]The Hon. Gregory Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Corporation. The Jefferson Pilot policy was in effect in November 2003, when Terry Matthews suffered a cerebral hemorrhage as the result of a ruptured aneurysm and underwent brain surgery that left him severely disabled. However, that policy was replaced by a Sun Life policy that became effective January 1, 2004, and that had a continuity-of-coverage provision intended by Krystal to provide seamless coverage to its employees. No question about Jefferson Pilot's coverage would have arisen when Terry Matthews subsequently invoked the waiver-of-premiums provision – and, later still, when his widow sought life insurance benefits – *but for* the fact that on June 1, 2004, and for four months thereafter, Terry Matthews attempted to return to work at Krystal, where he had been employed for 31 years as head of the human relations department. Because of his health, the attempt to resume his position at Krystal failed and, on September 29, 2004, Matthews retired from the company at the request of the company's management.

After Matthews's retirement, Krystal contacted Sun Life about his waiver-of-premium coverage under the Sun Life policy. The insurance company investigated his medical condition in depth and denied waiver-of-premium benefits on the basis of its conclusion that despite Matthews's presence at the office from June 1 to his retirement four months later, he was too disabled to have been "actively at work" during that period under the definition of that term in its insurance policy: "Actively at Work means that an Employee performs all the regular duties of his job for a full work day . . . ." As a result, Sun Life concluded, Matthews was disabled prior to the date that the policy became effective and was never covered under it.

Jefferson Pilot also denied benefits, claiming that because Matthews had been compensated at full pay during the four months from June through September, he had been "gainfully employed" under the terms of the Jefferson Pilot policy and, therefore, was not entitled to benefits. However, the term "gainfully employed" was not defined in the Jefferson Pilot policy.

Ultimately, both companies also declined to issue life insurance proceeds to Matthews's widow. At oral argument before this court, counsel for Jefferson Pilot offered his opinion that "Mr. Matthews may have fallen between the cracks," leaving his estate unable to collect under either policy.

The district court rejected this possibility. After careful consideration of the administrative records of both insurance companies, the court first dismissed the plaintiff's claims against Sun Life, ruling that "Sun Life's denial of benefits was based on a reasoned explanation, derived from substantial evidence, and was, therefore, not arbitrary and capricious." On the other hand, the district court held, "Jefferson Pilot's denial of benefits . . . was contrary to the law and therefore cannot be upheld." Central to this latter determination was the holding in this court's recent opinion in *Rochow v. Life Insurance Company of America*, 482 F.3d 860, 865-66 (6th Cir. 2007), in which we held that "[t]he fact that [the covered employee] remained on the payroll . . . is not determinative as to whether or not he was disabled during that time," that the denial of benefits for no other reason "was not the result of a deliberate, principled reasoning process," and that the

denial was therefore arbitrary and capricious. The district court also noted the long-standing rule that claimants should not be penalized for attempting to return to work, citing numerous authorities, including *United States v. Spaulding*, 293 U.S. 498, 505 (1935) (recognizing that an employee may work when actually unable to do so and that such work does not preclude a finding of total disability), and *Seitz v. Metropolitan Life Insurance Company*, 433 F.3d 647, 651 (6th Cir. 2006) (insurance company may not "unfairly punish those individuals who test their limitations and attempt to keep working before seeking benefits"). At bottom, the determination to hold Jefferson Pilot liable for the proceeds of its policy was predicated on the district court's determination that a finding of "gainful employment" could not be based on remuneration alone, to the exclusion of considerations such as the actual capacity to perform the work required by that employment.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in granting the plaintiff's motion for judgment on the pleadings as to defendant Jefferson Pilot and denying the same motion as to Sun Life. Because the reasons why judgment should be entered for the plaintiff have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its order and memorandum dated September 26, 2007.